UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTRAVIOUS LEE ENGLISH,

      Petitioner,

v.                                                CASE NO. 6:05-cv-885-Orl-31JGG

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

      Respondents.

## **ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response (Doc. No. 13) to the petition for writ of habeas corpus. Petitioner then filed a reply to the response (Doc. No. 22).

*Procedural History*

Petitioner was charged by amended information with second degree murder (count one) and possession of a firearm by a convicted felon (count two). Count two was severed from count one, and a jury trial proceeded as to count one. Petitioner was eventually found guilty of count one, and, on February 23, 2001, the trial court adjudicated Petitioner guilty of second degree murder and sentenced him to life imprisonment. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on July 23, 2002. Mandate was issued on August 9, 2002.

On July 28, 2003, Petitioner filed a Rule 3.850 motion with the state trial court,[1] which was denied on November 7, 2003. Petitioner untimely appealed the denial, and the state appellate court dismissed the appeal for lack of jurisdiction on February 3, 2004.

*Petitioner's Habeas Petition is Untimely*

Pursuant to 28 U.S.C. § 2244,

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)  the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

---

[1] Under the "mailbox rule," the motion would be deemed filed on the date the motion was signed and presumably submitted to the prison authorities for mailing. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing). All further references to the filing date of pleadings by Petitioner shall be the filing date under the mailbox rule.

In the present case, Petitioner's conviction became final under Florida law on August 9, 2002, when the state appellate court issued mandate with regard to his direct appeal. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) ("Under Florida law, a judgment against a criminal defendant becomes final upon issuance of the mandate on direct appeal."). However, under section 2244(d)(1)(A), the Court must include the time that Petitioner could have sought review with the United States Supreme Court. *Bond v. Moore*, 309 F.3d 770 (11th Cir. 2002). Thus, Petitioner's conviction, for purposes of § 2244(d)(1)(A), became final, at the latest, on October 21, 2002, which was ninety days after entry of the appellate court's order affirming *per curiam*. *See* Sup. Ct. R. 13(3).[2] Petitioner then had until October 21, 2003, absent any tolling, to file a federal habeas petition regarding such conviction. Petitioner's initial federal habeas petition was file-stamped by the Clerk's office on June 15, 2005, but was deemed filed on June 14, 2005, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. When Petitioner filed his Rule 3.850 motion with the state trial court, on July 28, 2003, 280 days of the one-year period had run. Those proceedings concluded on February 3, 2004, when the state appellate court dismissed his appeal of the denial of his Rule 3.850 motion. Thus, the one-year period expired 85 days later on April 29, 2004, and the instant habeas petition was untimely.

---

[2]United States Supreme Court Rule 13(3) provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Petitioner argues that his failure to comply with the one-year period of limitation should be excused because his untimely appeal of the denial of his Rule 3.850 motion resulted from "circumstances beyond his control." In particular, he argues that the prison authorities failed to submit his appeal in a timely fashion. This argument is illogical because, whether or not his appeal was improperly dismissed, Petitioner still did not file the instant habeas petition within 85 days from when his appeal was dismissed. Therefore, the Court rejects this argument.

Any of Petitioner's other allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Antravious Lee English is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 17th day of April, 2006.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 4/17
Counsel of Record
Antravious Lee English